**No. 59927.**—S. Susuki & Company, Limited, and Universal Foreign Service Company v. United States, petition 7185–R (Los Angeles).

EKWALL, Judge: In this action, petitioners seek to obtain remission of sums collected as additional duties on importations of what are described as Ajinomoto from Japan. (Section 489, Tariff Act of 1930.) Said additional duties were assessed, due to the fact that the final appraised value exceeded the value declared on entry.

In support of the petition, the testimony of a customs broker was introduced, who had made entries for the importing company, which company had gone out of existence, due to the war. This witness stated that he had made entries of Ajinomoto frequently for this importer. The goods here involved were entered at the invoice values but were assessed on the basis of United States values, as a result of an investigation made by the Government. When this witness learned that the appraiser intended to use a different basis of value than that at which the goods had been entered, he requested said appraiser to advance the values on the three entries here involved, in order that a test case might be made. Appeals for reappraisement were filed, and the question of the proper value was litigated before this court.

At the conclusion of the testimony of this witness, the Government counsel quoted from a report of a customs agent as follows:

* * * an investigation was conducted, and the importer cooperated fully by making available to the investigating officer all records and information necessary to determine United States value. The investigating officer's value report was submitted under date of November 8, 1940, and a supplemental report was submitted on July 19, 1941. In connection with each of the entries involved, the importer requested the Appraiser to advance the value in order that they might file an appeal and establish a test case. All other similar entries were amended at values representing the United States value.

An interview with the Appraiser indicates full cooperation on the part of the importer and a willingness to obtain any desired information.

Investigation discloses no information which could indicate any intention to defraud the revenue, conceal or misrepresent the facts, or deceive the Appraiser as to the value of the merchandise.

Upon this state of the record, we hold that the petitioners have shown by satisfactory evidence that the entry of the merchandise at values less than those found on final appraisement was without intent to defraud the Government or deceive its officials and that said petitioners aided the Government officials in an attempt to arrive at the proper dutiable value of the merchandise involved. The petition is, therefore, granted.